The Honorable Lindbergh Thomas State Representative P.O. Box 505 Grady, AR 71744-0505
Dear Representative Thomas:
You have requested an official Attorney General opinion concerning a request for salary information that has been presented to the City of Dumas under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 etseq.).
Your question is:
 Under the Freedom of Information Act, are there certain guidelines that must be followed in responding to a request for salary history for the years 1999, 2000, and 2001?
RESPONSE
A request for salary information normally would entail the disclosure of "personnel records." See, e.g., Ops. Att'y Gen. Nos. 2001-101; 98-126; 95-070; 94-198. "Personnel records" are disclosable except to the extent that their disclosure would constitute a clearly unwarranted invasion of the personal privacy of the subject of the records. A.C.A. §25-19-105(b). This office has consistently opined (in opinions too numerous to cite) that the disclosure of salary information does not constitute a clearly unwarranted invasion of the employee's personal privacy. Therefore, records reflecting salary information must be provided in response to a proper request under the FOIA, but the FOIA's notification procedure must be followed.
Under the FOIA, the procedure to be followed in responding to requests for "personnel records" is governed by A.C.A. § 25-19-105(c), which states:
 (3)(A) Upon receiving a request for the examination or copying of personnel or evaluation records, the custodian of the records shall determine within twenty-four (24) hours of the receipt of the request whether the records are exempt from disclosure and make efforts to the fullest extent possible to notify the person making the request and the subject of the records of that decision.
 (B) If the subject of the records cannot be contacted in person or by telephone within the twenty-four-hour period, the custodian shall send written notice via overnight mail to the subject of the records at his last known address. Either the custodian, requester, or the subject of the records may immediately seek an opinion from the Attorney General, who, within three (3) working days of receipt of the request, shall issue an opinion stating whether the decision is consistent with this chapter. In the event of a review by the Attorney General, the custodian shall not disclose the records until the Attorney General has issued his opinion.
 (C) However, nothing in this subsection (c) shall be construed to prevent the requester or the subject of the records from seeking judicial review of the custodian's decision or the decision of the Attorney General.
A.C.A. § 25-19-105(c)(3).
It should be noted that any particular items of information that is contained in the salary records that may be exempt from disclosure must be redacted from the records before they are released. For example, social security numbers should be redacted. See Op. Att'y Gen. No.2001-091.
Finally, I note that the city should consult its city attorney concerning specific questions it may have regarding its response to any FOIA request.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General